TASHA PARIS CHALFANT (SBN 207055)
THE LAW OFFICE OF TASHA PARIS CHALFANT
5701 Lonetree Blvd., Suite 312
Rocklin, California 95765
Tel. (916) 444-6100
Fax (916) 930-6093
E-mail: tashachalfant@gmail.com

Attorney for Defendant
TIQUON HICKS

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 2:17-CR-0027 TLN |
| | ) |
| Plaintiff, | ) STIPULATION REGARDING |
| | ) EXCLUDABLE TIME PERIODS UNDER |
| v. | ) SPEEDY TRIAL ACT; FINDINGS AND |
| | ) ORDER |
| TIQUON HICKS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## STIPULATION

Plaintiff United States of America, by and through its counsel of record Assistant United States Attorney JASON HITT, and the Defendant, TIQUON HICKS, by and through his counsel of record TASHA CHALFANT, hereby stipulate and request that the Court make the following findings and Order as follows:

1. By previous order, this matter was set for status conference on February 21, 2019.

2. By this stipulation, the defendant now moves to continue the status conference until April 4, 2019, and to exclude time between February 21, 2019, and April 4, 2019, under Local Code T4. Plaintiff does not oppose this request.

STIPULATION AND ORDER FOR CONTINUANCE OF STATUS HEARING

AND FOR EXCLUSION OF TIME

1

3. The parties agree and stipulate, and request that the Court find the following:

a. The government has represented that the discovery associated with this case includes approximately 155 plus pages of investigative reports in electronic form and many photographs. All of this discovery has been either produced directly to previous counsel, Jeff Staniels, and/or made available for inspection and copying.

b. Counsel for the defendant desires additional time to consult with her client, conduct investigation, discuss potential resolution, research applicable sections of the guidelines, consult with a second opinion attorney and to discuss the consequences of a plea agreement versus trial.

c. Counsel for the defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. The government does not object to the continuance.

e. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 21, 2019, to April 4, 2019, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other

STIPULATION AND ORDER FOR CONTINUANCE OF STATUS HEARING

AND FOR EXCLUSION OF TIME

2

provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

All counsel has reviewed this proposed order and authorized Tasha Chalfant to sign it on their behalf.

IT IS SO STIPULATED.

Dated:  February 18, 2019          by:     /s/Tasha Chalfant for
                                           JASON HITT
                                           Assistant U.S. Attorney
                                           Attorney for Plaintiff

Dated:  February 18, 2019          by:     /s/Tasha Chalfant
                                           TASHA CHALFANT
                                           Attorney for Defendant
                                           TIQUON HICKS

**O R D E R**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order. Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial.

The Court orders that the time from the date of the parties' stipulation, February 21, 2019, to and including April 4, 2019, status conference hearing date shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C §3161(h)(7)(A) and (B) (iv), and Local Code T4 (reasonable time for defense counsel to prepare). It is further ordered that the presently set February 21, 2019, status conference shall be continued to April 4, 2019, at 9:30 a.m.

IT IS SO FOUND AND ORDERED this 19 day of February, 2019.

_____
HON. TROY L. NUNLEY
UNITED STATES DISTRICT COURT JUDGE