McGREGOR W. SCOTT
United States Attorney
JASON HITT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-00027-TLN |
| Plaintiff, | STIPULATION AND ORDER EXCLUDING TIME FROM THE SPEEDY TRIAL ACT |
| v. | |
| TIQUON HICKS, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between Assistant United States Attorney Jason Hitt, counsel for the plaintiff United States of America, and defendant Tiquon Hicks, by and through his counsel, Kathleen Gadalla, Esq., that time should be excluded from the Speedy Trial Act between April 23, 2020, to June 4, 2020, at 9:30 a.m..  This stipulation is made pursuant to the findings made by this Court in this District's General Order Numbers 611 and 612, and the reasons detailed below.

On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.  This General Order was entered to address public health concerns related to COVID-19.  On March 18, 2020, this Court issued General Order 612, which closed all courthouses of the United States District Court for the Eastern District of California shall be closed to the public and limited access to a narrow class of authorized persons.

Although General Order 611 addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

General Order 611 excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).

## STIPULATION TO PROPOSED FINDINGS

1. By previous order, this matter was set for a status conference on April 23, 2020. Docket No. 61.

2. By this stipulation, the parties now move to exclude time from the Speedy Trial Act between April 23, 2020, and June 4, 2020, under Local Code T4.

    a) The United States and defense counsel in this case agree that counsel for the defendant is continuing to prepare a defense to the charges in this case, and has actively been engaged in proposing a resolution to the case. In addition, the defense has been engaged in its own investigation in support of defending the charges in this case.

    b) The additional time between April 23, 2020, and June 4, 2020, will provide counsel for the defendant time to continue reviewing the discovery, conduct investigation, consider the pending plea agreement from the United States, and conduct research related to the charges, prepare pretrial motions, and prepare for a future trial.

    c) The United States believes that failure to grant the above-requested continuance would deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the following factors are present.

- A status conference hearing on April 23, 2020, would have required the defendant to be transported from the Sacramento County Jail into Court. Such an endeavor would create a needless risk to the defendant, the Court staff, the Jail staff, and the deputies from the United States Marshals Service at a time when everyone is being encouraged to telework and minimize personal contact to the greatest extent possible. In addition, defense counsel is based in Los Angeles. In order to have appeared at the April 23, 2020 status conference, counsel would have had to purchase a roundtrip flight at a time when the Governor has ordered residents to shelter in place. Such an avoidable trip would have placed defense counsel in

1    unnecessary risk of exposure to COVID-19.

2        e)    Based on the above-stated findings, the ends of justice served by continuing the

3    case as requested outweigh the interest of the public and the defendant in a trial within the original date

4    prescribed by the Speedy Trial Act.

5        f)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

6    et seq., within which trial must commence, the time period of April 23, 2020, to June 4, 2020, inclusive,

7    is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results

8    from a continuance granted by the Court at defendant's request on the basis of the Court's finding that

9    the ends of justice served by taking such action outweigh the best interest of the public and the

10   defendants in a speedy trial.

11       Nothing in this stipulation and proposed order should preclude a finding that other provisions of

12   the Speedy Trial Act dictate that additional time periods are excludable from the period within which a

13   trial must commence.

14       The parties further stipulate that the ends of justice are served by the Court excluding time from

15   April 23, 2020, to June 4, 2020, so that counsel for the defendant may have reasonable time necessary

16   for effective preparation, taking into account the exercise of due diligence.  18 U.S.C.

17   § 3161(h)(7)(B)(iv).  Specifically, the defense agrees that it needs time to review discovery and

18   effectively evaluate the posture of the case, and conduct investigation into any possible defenses she

19   may have to the charges.  *Id.*  For these reasons, the defendant, defense counsel, and the government

20   stipulate and agree that the ends of justice outweigh the best interest of the public and the defendant in a

21   speedy trial.  18 U.S.C. § 3161(h)(7)(A); Local Code T4.

22

23   DATED: April 27, 2020                                    /s/Jason Hitt
                                                              JASON HITT
24                                                            Assistant U.S. Attorney

25   DATED: April 27, 2020                                    /s/Jason Hitt for Ms. Gadalla
                                                              KATHLEEN GADALLA, ESQ.
26                                                            Counsel for defendant
                                                              Authorized to sign for Ms. Gadalla
27                                                            on April 27, 2020

28

**O R D E R**

Based upon the representations by counsel and the stipulation of the parties, IT IS HEREBY
ORDERED that:

Based upon the representations and stipulation of the parties, the court finds that the time
exclusion under 18 U.S.C. § 3161(h)(7)(A) and Local Code T4 apply and the ends of justice outweigh
the best interest of the public and the defendant in a speedy trial based upon the factors set forth in 18
U.S.C. § 3161(h)(7)(B)(iv).  Accordingly, time under the Speedy Trial Act shall be excluded up to and
including June 4, 2020.

**IT IS SO ORDERED.**

DATE: April 27, 2020

_____
Troy L. Nunley
United States District Judge