Darren M. Richie (SBN: 316116)
*darren@richielitigation.com*
Kathleen Gadalla (SBN: 325473)
*kathleen@richielitigation.com*
**RICHIE LITIGATION P.C.**
633 W. 5th St., Suite 6780
Los Angeles, CA 90071
Tel: (213) 265-7888
Fax: (844) 314-1380

Attorneys for Defendant,
TIQUON HICKS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO: 2:17-cr-0027-TLN |
|---|---|
| Plaintiff, | |
| vs. | **STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER** |
| TIQUON HICKS, | |
| Defendant. | |

**IT IS HEREBY STIPULATED** by and between Assistant United States Attorney, Jason Hitt, counsel for the Plaintiff, and Kathleen Gadalla, Counsel for Defendant, TIQUON HICKS, that the Court make the following findings and Order as follows:

1. By previous order, this matter was set for a status conference on June 4, 2020.

2. By this stipulation, the defendant now moves to continue the status conference until July 23, 2020, and to exclude time between June 4, 2020, and July 23, 2020, under Local Code T4. Plaintiff does not oppose this request.

3. The parties agree and stipulate, and request that the Court find the following:

    a. The government has represented that the discovery associated with this case included approximately 155 plus pages of investigative reports in electronic form and many photographs. All of

this discovery has been either produced directly to previous counsel, and/or made available for inspection and copying.

    b.    Counsel for the defendant desires additional time to consult with Mr. Hicks, conduct investigation, discuss potential resolution, research applicable sections of the guidelines, and to discuss the consequences of a plea agreement versus trial. Due to COVID- 19 flights restrictions, Plaintiff's Counsel has not been able to fly out to Mr. Hick's in order to fully evaluate and discuss his options.

    c.    Counsel for the defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d.    The government does not object to the continuance.

    e.    Based on the above- stated findings, the ends of justice served by continuing the case as requested outweigh the interest of public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    f.    For the purpose of the computing time under the Speedy Trial Act, 18 U.S.C. §3161, et seq., within which trial must commence, the time period of June 4, 2020 to July 23, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C. §3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at the defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate the additional time periods are excludable from the period within which a trial must commence.

All counsel has reviewed this proposed order and authorized Kathleen Gadalla to sign it on their behalf.

**IT IS SO STIPULATED.**

Dated: June 1, 2020        by: /s/ Kathleen Gadalla
                                          JASON HITT
                                          Kathleen Gadalla on behalf of JASON HITT

DATE: June 1, 2020        by: Kathleen Gadalla
                                          KATHLEEN GADALLA
                                          Attorney for Defendant
                                          TIQUON HICKS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  ) | Case No.:  2:17-cr-0027-TLN |
| Plaintiff,  ) | |
|  ) | **ORDER** |
| vs.  ) | |
|  ) | |
| TIQUON HICKS,  ) | |
|  ) | |
| Defendant.  ) | |

    The attached stipulation for a continuance is hereby GRANTED.

    The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order. Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that the failure to grant a continuance in this case would dent defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and defendant in a speedy trial.

    The Court orders that the time from the date of the parties' stipulation, June 4, 2020, to and including July 23, 2020, status conference hearing date shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C §3161(h)(7)(A) and (B) (iv), and Local Code T4 (reasonable time for defense counsel to prepare). It is further ordered that the presently set June 4, 2020, status conference shall be continued to July 23, 2020, at 9:30 a.m.

    **IT IS SO ORDERED.**

DATED: June 1, 2020

                                                             Troy L. Nunley
                                                            United States District Judge