UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIQUON RAMON HICKS,<br><br>Defendant. | No. 2:17-cr-00027-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Tiquon Ramon Hicks's ("Defendant") Motion to Dismiss Indictment (ECF No. 82) and Motion for Reconsideration of Pretrial Detention Order (ECF No. 83). The Government filed oppositions to both motions. (ECF Nos. 87, 88.) Defendant filed a reply. (ECF No. 90.) For the reasons set forth below, the Court DENIES Defendant's motion to dismiss (ECF No. 82) and DENIES Defendant's motion for reconsideration (ECF No. 83).

///
///
///
///
///
///

1

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Defendant is charged by Indictment on three counts: (1) possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); (2) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  (ECF No. 6.)  At Defendant's initial appearance on the original criminal complaint, the magistrate judge held a full detention hearing and ordered Defendant detained based on his flight risk and danger to the community.  (ECF No. 2.)  On August 17, 2021, Defendant filed the instant motion to dismiss the Indictment (ECF No. 82) and motion for reconsideration of the magistrate judge's detention order (ECF No. 83).  The Court will address each motion in turn.

### II.    MOTION TO DISMISS INDICTMENT

Defendant moves to dismiss the Indictment for failing to allege all the elements of the offenses.  (ECF No. 82 at 1.)  More specifically, Defendant argues that pursuant to the First Step Act, only proven convictions of a "serious drug felony" may serve to enhance a current drug case.  (*Id.* at 2.)  Defendant further argues the new law requires proof that a prior "serious drug felony" be punishable by a term of imprisonment of ten or more years.  (*Id.* at 2–3.)  Defendant contends the current Indictment fails to meet this standard and is unable to do so because none of Defendant's prior drug offenses carry a maximum penalty of ten or more years.  (*Id.* at 3.)  In opposition, the Government argues the Indictment sufficiently alleges the elements of each count and Defendant's prior felony offenses are not necessary elements required to prove the charges contained in either Counts One or Two, which are violations of 21 U.S.C. § 841(a)(1).[1]  (*Id.* at 7.)  Defendant did not reply to the Government's opposition.

"An indictment must provide the essential facts necessary to apprise a defendant of the crime charged; it need not specify the theories or evidence upon which the government will rely to prove those facts*.*"  *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993). "It is

---

[1]     Defendant's challenge only pertains to the allegations about prior drug-related felonies included in Counts One and Two.  Count Three does not include these allegations and therefore is not discussed herein.

generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting U*nited States v. Carll*, 105 U.S. 611, 612 (1882)).  The Ninth Circuit interprets this rule to mean that an indictment is sufficient on its face even where it "recite[s] the language of the statute, but fail[s] to allege how the violation was committed or with whom," because a criminal defendant is not entitled at the time of his indictment to know all the evidence that will be presented to prove the government's case. *United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013).

The Court agrees with the Government.  Counts One and Two require the Government to prove: (1) Defendant knowingly possessed a specified controlled substance; and (2) Defendant possessed it with the intent to distribute.  *See* 21 U.S.C. § 841(a)(1).  The Indictment adequately alleges these elements.  (*See* ECF No. 6 at 1–2); *see Mancuso*, 718 F.3d at 790.  Defendant fails to cite any authority to support his contention that his prior drug-related felonies are necessary elements of Counts One or Two.  Although the Indictment does include allegations regarding Defendant's previous drug-related felonies, it is unclear whether the Government intends to seek any sort of enhancement based on those convictions.  However, the issue of potential sentencing enhancements is not relevant at this stage.

Accordingly, the Court DENIES Defendant's motion to dismiss the Indictment.  (ECF No. 82.)

### III.    MOTION FOR RECONSIDERATION OF DETENTION ORDER

Defendant requests the Court release him from pretrial detention based on newly acquired information. (ECF No. 83 at 3.)  Specifically, Defendant states two new sureties have been located — Defendant's sister and brother-in-law — who are willing to secure a bond with their family home, which is valued at $550,000.  (*Id.* at 2–3.)  In opposition, the Government argues the existence of people close to Defendant willing to post bond for him does not rebut the magistrate judge's well-supported finding that Defendant is a flight risk and a danger, nor does it rebut the presumption that Defendant should remain detained pending trial.  (ECF No. 87 at 3–4.)

A person "ordered detained by a magistrate judge . . . may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b).  Under this provision, the district court conducts its own *de novo* review of the magistrate judge's detention order.  *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990).

The Court again agrees with the Government.  It is undisputed that the instant offenses trigger a presumption "that no condition or combination of conditions will reasonably assure the appearance of [Defendant] as required and the safety of the community." *See* 18 U.S.C. § 3142(e)(3).  Defendant has not rebutted this presumption.  Looking to the factors in 18 U.S.C. § 3142(g), Defendant is charged with serious drug trafficking and firearm offenses, the weight of the evidence against Defendant is considerable, and Defendant has a substantial criminal history and history of parole and probation violations.  In short, Defendant's lengthy history of drug trafficking and firearm offenses (including an assault with a firearm offense) and history of supervised release violations show an unwillingness to abide by the Court's rules and a disregard for the safety of others.  Defendant has not provided additional facts to meaningfully shift the balance of the § 3142(g) factors in his favor.  The Court thus finds there are no conditions or combination of conditions that reasonably mitigate Defendant's risk of flight or danger posed to the community.

As such, the Court DENIES Defendant's motion for reconsideration of the magistrate judge's pretrial detention order.  (ECF No. 83.)

### IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss Indictment (ECF No. 82) and Motion for Reconsideration of Pretrial Detention Order (ECF No. 83).

IT IS SO ORDERED.

Date:  November 5, 2021

Troy L. Nunley
United States District Judge