1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                              EASTERN DISTRICT OF CALIFORNIA
10
11   UNITED STATES OF AMERICA,              No. 2:17-cr-00027-TLN
12              Plaintiff,
13        v.                                **ORDER**
14   TIQUON RAMON HICKS,
15              Defendant.
16
17        This matter is before the Court on Plaintiff United States of America's (the
18   "Government") Motion to Set a Status Conference and Exclude Time (ECF No. 92) and
19   Defendant Tiquon Ramon Hicks's ("Defendant") Motion to Dismiss Indictment for Violation of
20   Defendant's Speedy Trial Rights (ECF No. 93). The Government filed an opposition. (ECF No.
21   95.) For the reasons set forth below, the Court GRANTS Defendant's motion and DENIES the
22   Government's motion as moot.
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

                                              1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant is charged by Indictment on three counts: (1) possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); (2) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). (ECF No. 6.) At Defendant's initial appearance on the original criminal complaint, the magistrate judge held a full detention hearing and ordered Defendant detained based on his flight risk and danger to the community. (ECF No. 2.)

With Defendant's express consent, time has been excluded under the Speedy Trial Act between February 16, 2017, and October 14, 2021. (*See* ECF No. 85.) On August 17, 2021, Defendant filed a motion to dismiss the Indictment (ECF No. 82) and motion for reconsideration of the magistrate judge's detention order (ECF No. 83). On November 5, 2021, the Court issued a written order denying both motions. (ECF No. 91.) The Government subsequently failed to calendar the matter for status until April 1, 2022 — 146 days after the Court issued its written order. (ECF No. 92.) That same day, Defendant filed a motion to dismiss the Indictment under the Sixth Amendment and Speedy Trial Act. (ECF No. 93.)

### II. STANDARD OF LAW

The Sixth Amendment guarantees criminal defendants "the right to a speedy and public trial." U.S. Const. amend. VI. It does not, however, prescribe any specific length of time within which a criminal trial must commence. Congress thus enacted the Speedy Trial Act, which sets specified time limits after arraignment or indictment within which criminal trials must commence. *Furlow v. United States*, 644 F.2d 764, 768–69 (9th Cir. 1981) (per curiam) (describing the Speedy Trial Act as the Sixth Amendment's "implementation"). The Speedy Trial Act requires that a criminal trial begin within seventy days from the date on which the indictment was filed, or the date on which the defendant makes an initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act "includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Zedner v. United States*, 547 U.S. 489, 497 (2006); *see* 18 U.S.C. § 3161(h).

### III.    ANALYSIS

The Government concedes the Court should grant Defendant's motion to dismiss under the Speedy Trial Act due to the Government's inadvertent failure to calendar the matter for status and request excludable time between November 6, 2021, and March 31, 2022. (ECF No. 95.) The Government requests the dismissal be without prejudice. (*Id.*) The Government also requests the Court deny Defendant's motion as to the Sixth Amendment claim. (*Id.*)

At the outset, the Court disagrees with the Government that Defendant's Sixth Amendment argument should be denied. Defendant's Sixth Amendment claim parallels the Speedy Trial Act claim. *See United States v. Baker*, 63 F.3d 1478, 1497 (9th Cir. 1995) ("Speedy Trial Act affords greater protection to a defendant's right to a speedy trial than is guaranteed by the Sixth Amendment."). Under the Sixth Amendment, it is Defendant's burden to demonstrate a violation based on four factors: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). "[N]one of the four factors identified above is either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Id.* at 533. "Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id.*

First, the Government concedes that the length of delay favors Defendant. (ECF No. 95 at 10.) Second, although there is no evidence of bath faith, the Court finds the Government's negligence weighs in Defendant's favor because it is ultimately the Government's responsibility to bring the case to trial. *See Barker*, 407 U.S. at 531. Third, although the Court acknowledges Defendant stipulated to exclude time several times in the past, he is clearly asserting his speedy trial rights in the instant motion. Lastly, Defendant argues he has suffered prejudice because the 147 days of additional imprisonment have forced him to live "under a cloud of anxiety, suspicion, and often hostility" and "hindered in his ability to gather evidence, contact witnesses, or otherwise prepare his defense." (ECF No. 93 at 9.) On balance, the Court finds the *Barker* factors support a finding that Defendant's Sixth Amendment rights were violated. Therefore, dismissal is proper under the Speedy Trial Act and the Sixth Amendment.

However, the Court agrees with the Government the Indictment should be dismissed without prejudice. "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: [(1)] the seriousness of the offense; [(2)] the facts and circumstances of the case which led to the dismissal; and [(3)] the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." *United States v. Olsen*, 21 F.4th 1036, 1048 (9th Cir. 2022) (quoting 18 U.S.C. § 3162(a)(2)).

First, the Court finds the offenses alleged are serious because they involve high-level drug trafficking, weapons possessed by a career offender, and two charges that include the possibility of a life sentence. *United States v. Lewis*, 611 F.3d 1172, 1180 (9th Cir. 2010) (affirming dismissal without prejudice because offenses carrying a maximum sentence of five years are "'serious' within the context of the Speedy Trial Act"). Second, the facts and circumstances that led to dismissal weigh in favor of dismissal without prejudice, as Defendant repeatedly stipulated to exclude time since 2017 and has not shown the Government "acted in bad faith" or has "any pattern of neglect." *Olsen*, 21 F.4th at 1048 (concluding the district court "committed legal error in failing to consider key factors relevant to [the defendant's] case: the absence of prosecutorial culpability and the multiple continuances requested by [defendant]"); *United States v. Taylor*, 487 U.S. 326, 339 (1988). Instead, this appears to be an "isolated unwitting violation" by the Government. *Taylor*, 487 at 339. Third, there are no other circumstances indicating that dismissal without prejudice would adversely impact the administration of the Speedy Trial Act or the administration of justice. *Pena-Carrillo*, 46 F.3d at 882–83 ("[The] purpose of deterring prosecutorial misconduct and delay would be little served by barring reprosecution in this case.").

///
///
///
///
///
///

4

**IV.     CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss Indictment (ECF No. 93) and DENIES as moot the Government's Motion to Set a Status Conference and Exclude Time (ECF No. 92). The Court DISMISSES the Indictment without prejudice and ORDERS Defendant to be released forthwith.

IT IS SO ORDERED.

DATED: April 15, 2022

Troy L. Nunley
United States District Judge