UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIQUON RAMON HICKS,<br><br>Defendant. | No. 2:17-cr-00027-TLN<br><br>**ORDER** |

This matter is before the Court on the Government's Motion for Reconsideration. (ECF No. 98.) Defendant Tiquon Ramon Hicks ("Defendant") did not file an opposition. For the reasons set forth below, the Court GRANTS the Government's motion.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Defendant was charged by Indictment on three counts: (1) possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); (2) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). (ECF No. 6.) At Defendant's initial appearance on the original criminal complaint, the magistrate judge held a full detention hearing and ordered Defendant detained. (ECF No. 2.)

With Defendant's express consent, time was excluded under the Speedy Trial Act between February 16, 2017, and October 14, 2021. (*See* ECF No. 85.) On August 17, 2021, Defendant filed

a motion to dismiss the Indictment (ECF No. 82) and motion for reconsideration of the magistrate judge's detention order (ECF No. 83).  On November 5, 2021, the Court issued a written order denying both motions.  (ECF No. 91.)  The Government subsequently failed to calendar the matter for status until April 1, 2022 — 146 days after the Court issued its written order.  (ECF No. 92.)  That same day, Defendant filed a motion to dismiss the Indictment under the Sixth Amendment and Speedy Trial Act.  (ECF No. 93.)

On April 15, 2022, the Court issued a written order granting Defendant's motion and dismissing the Indictment without prejudice based on violations of both the Sixth Amendment and the Speedy Trial Act.  (ECF No. 96.)  On April 25, 2022, the Government filed the instant motion for reconsideration.  (ECF No. 98.)  In its motion, the Government states it does not seek to disturb the Court's finding under the Speedy Trial Act or dismissal of the Indictment without prejudice.  (*Id.* at 1.)  Rather, the Government requests only that the Court withdraw its finding of a Sixth Amendment violation.  (*Id.*)

## II.    STANDARD OF LAW

"The Ninth Circuit allows parties to file motions for reconsideration in criminal cases, although the Federal Rules of Civil Procedure do not explicitly provide for such motions." *United States v. Amezcua*, No. 1:93-CR-5046-AWI-1, 2015 WL 5165235, at *1 (E.D. Cal. Sept. 2, 2015), *aff'd*, 670 F. App'x 454 (9th Cir. 2016) (citing *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000)).  Pursuant to Local Rule 430.1(i)(3), a party filing a motion for reconsideration of a criminal order must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. L.R. 430.1(i)(3); *see also United States v. Braswell*, No. 118-CR-00034-DAD-BAM, 2018 WL 8805375, at *1 (E.D. Cal. Sept. 11, 2018).  "The authority of district courts to reconsider their own orders . . . allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal." *Martin*, 226 F.3d at 1049.

///

///

### III. ANALYSIS

In its motion for reconsideration, the Government cites a recent Ninth Circuit decision, *United States v. Lonich*, 23 F.4th 881 (9th Cir. 2022), for the proposition that Defendant's Sixth Amendment rights were not violated. (ECF No. 98 at 4.) After reviewing *Lonich*, the Court agrees with the Government that reconsideration is warranted. In its prior Order, this Court applied the four-factor test from *Barker v. Wingo*, 407 U.S. 514 (1972), and concluded those factors weighed in favor of finding a Sixth Amendment violation. (ECF No. 96 at 3.) However, *Lonich* expressly instructs that "an eight-month delay constitutes the threshold minimum to initiate the full *Barker* inquiry." 23 F.4th at 893 (citation and internal quotation marks omitted). Here, while the 146-day delay is indisputably long enough to trigger a Speedy Trial Act violation, it is not long enough to trigger the *Barker* analysis for a Sixth Amendment violation. For these reasons and absent any opposition from Defendant, the Court withdraws its previous finding that Defendant's Six Amendment rights were violated under *Barker*.

### IV. CONCLUSION

Accordingly, the Court hereby GRANTS the Government's Motion for Reconsideration and holds that the dismissal of the Indictment is without prejudice and is pursuant to the Speedy Trial Act. (ECF No. 98.)

IT IS SO ORDERED.

**DATED: June 6, 2022**

Troy L. Nunley
United States District Judge